**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FERNANDO ARTURO GARCIA LARRANAGA,

Petitioner,

v.

TODD BLANCHE, *et al*.,

Respondents.

Case No. 2:26-cv-02812-RFB-BNW

**ORDER GOVERNING PROCEDURES**

Petitioner Fernando Arturo Garcia Larranaga, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts he is a member of the certified class in Jacobo-Ramirez v. Noem, 823 F. Supp. 3d 1182 (D. Nev. 2026)[1] ("Class Member"). Therefore, he may be entitled to relief pursuant to the Court's grant of partial summary judgment to Class Members. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d. ---, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

## I. FILING FEE

As a threshold matter, the Court **DEFERS** consideration of the filing fee until Petitioner has an opportunity to address it with the assistance of counsel. Cf. 28 U.S.C. § 1914(a) (requiring petitioners for writs of habeas corpus to pay a $5 filing fee); cf. also Part II (appointing counsel). To that end, **IT IS HEREBY ORDERED** Petitioner must either pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP Application"), by **September 15, 2026**. Cf. 28

[1] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 25(d).

U.S.C. § 1915(a) (enabling petitioners in civil detention to seek leave to proceed *in forma pauperis*).

## II. APPOINTMENT OF COUNSEL

Next, the Court appoint counsel to represent Petitioner given the complexity of this case. This Court has the discretion to appoint counsel for indigent habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); see also Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts [hereinafter, "§ 2254 Rules"]; id., Rule 1(b) (enabling a court to apply these rules to petitions brought under 28 U.S.C. § 2241). That standard is satisfied here, as this case necessarily implicates a complex web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020). Given the complexity of the case and Petitioner's detained status, the Court finds appointing counsel is in the interests of justice. Therefore, **IT IS HEREBY ORDERED** the Federal Public Defender for the United States District of Nevada ("FPD") is **APPOINTED** to represent Petitioner. **IT IS FURTHER ORDERED** the FPD must **FILE** a notice of appearance, or **ADVISE** the Court that it cannot represent Petitioner, by **September 9, 2026**. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

## III. PRESERVATION OF JURISDICTION

To preserve the Court's jurisdiction pending a ruling on the Petition, **IT IS HEREBY ORDERED** that Respondents shall not remove Petitioner from the United States District of Nevada, absent leave of Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Such an injunction is appropriate here. The Supreme Court of the United States has

repeatedly held that only one district has jurisdiction over a "core habeas petition:" "the district of confinement." Trump v. J.G.G., 604 U.S. 670, 672 (2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Petitioner's removal from this judicial district could interfere with the Court's jurisdiction and ability to expeditiously resolve this case. Thus, this Order is necessary to maintain the *status quo*.

## IV. DOCUMENT PRODUCTION

This Court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." Harris v. Nelson, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); see also Rule 7, § 2254 Rules (empowering a court to direct the parties to expand the record by submitting additional materials relating to the petition). The Court concludes limited discovery is necessary to expand the record and properly dispose of this matter. Therefore, **IT IS HEREBY ORDERED** Federal Respondents must **PRODUCE** the following records, which are relevant to the lawfulness of Petitioner's detention: (1) I-200 Warrant for Arrest of Alien and/or I-205 Warrant of Removal; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings or custody redetermination proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings; (8) any other records Federal Respondents rely on to justify Petitioner's detention. Specifically, Federal Respondents must **PRODUCE** these materials to Petitioner's Counsel by **September 10, 2026**. Alternatively, by that same date, Federal Respondents must **CERTIFY** that, after a diligent search, they have determined that the record(s) are not in their possession, custody, or control.

## V. BRIEFING

**IT IS HEREBY ORDERED** the following parameters will govern in this case. See Rule 4, § 2254 Rules ("[T]he judge must order the respondent to file an answer, motion, or other

response within a fixed time, or to take other action the judge may order."):

**A. SCHEDULE**

i. **Return:** On or before **September 10, 2026**, Respondents must **SHOW CAUSE** for Petitioner's detention. See 28 U.S.C. § 2243. Specifically, Respondents must file a "return certifying the true cause of [Petitioner's] detention." Id. To promote judicial economy and the efficient administration of the Jacobo-Ramirez Class Action, Respondents' return must indicate whether Petitioner is, or is not, a member of the Class. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d. ---, 2026 WL 879799, at *4 (D. Nev. Mar. 30, 2026) (defining the class). Finally, Respondents must attach any, and all, records which they rely on to justify Petitioner's detention; at minimum, Respondents must attach the following documents: (1) Form I-862 Notice to Appear and (2) Form I-213 Record of Deportability/Inadmissibility. If Respondents fail to identify a specific authority that authorizes Petitioner's detention, the Court may "fortwith award the writ" Petitioner seeks. See 28 U.S.C. § 2243.

ii. **Interrogatories Regarding Warrant and Initial Custody Determination:** On or before **September 10, 2026**, Respondents must file an answer under oath to the following interrogatories, see Rule 7, § 2254 Rules: (1) was Petitioner arrested pursuant to a lawfully executed and served administrative warrant under 8 C.F.R. § 236.1(b); (2) was an initial custody determination conducted as to Petitioner under 8 C.F.R. § 236.1(c)(8); (3) was a Form I-286, Notice of Custody Determination served to Petitioner under 8 C.F.R. § 236.1(g). Respondents must further attach the following documents to their response, or certify those documents are not in their possession, custody, or control: (1) Form I-200 Warrant for Arrest of Alien; (2) Form I-286 Notice of Initial Custody Determination.

iii. **Traverse or Amended Petition**: On or before **September 15, 2026**, Petitioner must file a traverse which replies to Respondents' return; upon receipt of the

traverse, the Court will consider this matter fully briefed and will rule on the original petition in due course. Alternatively, by **September 15, 2026**, Petitioner may file a brief notice which indicates that they intend to file an amended petition for a writ of habeas corpus. If Petitioner elects to file an amended petition, they will have up to, and including, **September 21, 2026** to do so. Upon reviewing the amended petition, the Court will issue an order to show cause and briefing schedule or dismiss the petition as meritless. See 28 U.S.C. § 2243.

### B. Filings

i. Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

ii. The Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

iii. The Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for an extension must certify efforts made to meet and confer and indicate the opposing party's position regarding the extension. Any motion, or stipulation, must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

iv. The Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the Court, unless the Court orders otherwise. See LR IC 6-1; see also Fed. R. Civ. P. 5.2.

## VI. SERVICE AND INSTRUCTIONS TO THE CLERK OF COURT

The Clerk of Court is kindly **INSTRUCTED** to:

1. **ATTACH** a copy of the Court's standard IFP Application to this Order.
2. **ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org. The Clerk is further instructed to **SEND** a copy of this Order to the FPD and CJA Coordinator for this division.

3. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all Federal Respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.
4. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1), and this Order, to Counsel for Respondent **John Mattos at ahesman@strucklove.com.**
5. **MAIL** a copy of the Petition (ECF No. 1-1), and this Order, pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to **John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.**
6. **UPDATE** Petitioner's name on the docket to "Fernando Arturo Garcia Larranaga."
7. **UPDATE** the docket to reflect the following substitutions of Respondents: (1) Ruben Leyva, Acting Director of the Salt Lake City Field Office of ICE Enforcement and Removal Operations, is substituted for Michael Bernake; (2) Acting Director of ICE David Venturella is substituted for Todd Lyons. See Fed. R. Civ. P. 25(d).

**DATED:** September 4, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**